UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'   JS-6

| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS): DEFENDANT QUALITY LOAN SERVICES CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (dkt. 22, filed Nov. 17, 2014)

DEFENDANTS MARTINGALE INVESTMENTS, LLC AND SAM CHANDRA'S JOINDER IN QUALITY LOAN SERVICES CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (dkts. 23, 24, filed Nov. 19, 2014)

DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S JOINDER IN QUALITY LOAN SERVICES CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (dkt. 25, filed Nov. 24, 2014)

## I.    INTRODUCTION & BACKGROUND

This action appears to arise from the completed foreclosure of a property formerly owned by plaintiffs. On July 16, 2014, pro se plaintiffs Carmen and Daniel Risiglione filed a complaint asserting nineteen claims against defendants Martingale Investments, LLC ("Martingale"), Quality Loan Services Corp. ("Quality"), First American Title Insurance Company ("First American"), Sam Chandra ("Chandra"), and Does 1-10 (collectively, "defendants"). Dkt. 1. By order dated October 6, 2014, the Court granted defendants' motions to dismiss plaintiffs' complaint without prejudice. Dkt. 18. In so doing, the Court noted that while plaintiffs' complaint contained many allegations, plaintiffs failed to support their allegations with specific facts regarding defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

allegedly unlawful conduct.  Id. at 2.  Notably, plaintiffs neither opposed defendants' motions to dismiss, nor attended the October 6, 2014 hearing on defendants' motions.

Consistent with the Court's October 6, 2014 order, plaintiff Carmen Risiglione and an individual identified as Nana Baidoobonso-"I Am" filed the operative first amended complaint ("FAC") on November 6, 2014.  Dkt. 21.  The FAC asserts the following claims against defendants: (1) violation of "FDIC Consumer Protection Paragraph 19(b)(2)(viii)"; (2) "disclosure violation pursuant to 15 U.S.C. § 1635, et seq."; (3) "disclosure violations" pursuant to 12 C.F.R. § 226.17(a)(1); (4) "right to rescind violations" pursuant to 12 C.F.R. § 226.18 et seq.; (5) "right to cancel violations" pursuant to 12 C.F.R. § 226 et seq.; (6) "no good faith estimate violations" pursuant to 12 C.F.R. § 226 et seq.; (7) "consumer statement missing violations" pursuant to 12 C.F.R. § 226.18(p); (8) "disclosure violations" pursuant to the Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq. ("CCPA") and 12 C.F.R. § 226(z); (9) "failure to disclose calculation of mortgage balance" pursuant to 12 C.F.R. § 226.4, et seq.; (10) "failure to disclose itemization of charges" pursuant to 12 U.S.C. § 2610, et seq.; (11) violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (12) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq. ("RESPA"); (13) slander of title/petition to quiet title; (14) fraud and misrepresentation in violation of the California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); (15) negligent supervision; (16) common law fraud and injurious falsehood.  Id.

On November 17, 2014, defendant Quality filed a motion to dismiss plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 22.  Defendants Martingale, Chandra, and First American subsequently filed motions to join Quality's motion to dismiss.  Dkts. 23-25.  Plaintiffs have not filed an opposition.

The Court held a hearing on January 12, 2015.  Dkt. 24.  At the hearing, pro se plaintiffs represented that they had not filed an opposition because they are in the process of retaining an attorney to represent them in this action.  In light of this, the Court advised plaintiffs that, if their attorney made an appearance by January 19, 2015, the Court would grant plaintiffs leave to file an opposition.  As of January 20, 2015, however, plaintiffs' counsel has not made the required appearance.  Accordingly, having carefully considered the parties' arguments, the Court find and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief .") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### B.    Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires that an affirmative pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to ensure that a complaint provides a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).

### C.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## III.   DISCUSSION

Defendants argue that the FAC must be dismissed because it does not contain a single, specific allegation of wrongdoing against any of the named defendants. See generally Dkts. 22-25. Defendants further assert that the FAC "is so vague that [they] cannot determine the nature of [their] alleged involvement in the matter," rendering it impossible to respond to each of the sixteen claims alleged. Dkt. 22 at 2.

The Court agrees with defendants. To the extent that the Court can discern plaintiffs' federal claims—i.e., claims 1 through 12—these claims fail because they do not contain "a short plain statement" explaining why plaintiffs are entitled to relief. Further, even under the most favorable construction, the allegations contained in these claims do not provide defendants with "adequate notice" of their factual basis, as required by Rule 8. See, e.g. Claim 1 for violation of "FDIC Consumer Protection Paragraph 19(b)(2)(viii)" (quoting paragraph and alleging that "Defendant failed to make such required disclosure to the Plaintiff thereby causing harm to Plaintiff"); Claim 11 for violations of the FDCPA ("Defendants threatened to take and did take actions that they could not legally take without the ruse and falsities committed upon Plaintiff in violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

of 15 U.S.C. [§] 1692(e)(5)"). Moreover, many of plaintiffs' federal claims sound in fraud. See FAC at 2 ("All Defendants engaged in continuous and multiple unfair and deceptive trade practices, fraud and misrepresentations."). The FAC, however, fails to distinguish between the four individual defendants and thus is not pled with the "particularity" required by Rule 9(b). Indeed, apart from separately naming the defendants in the caption, the FAC does not mention a single defendant by name.

      Additionally, insofar as the Court can discern, several of plaintiffs' federal claims appear to fail as a matter of law. For example, numerous courts in this circuit have held that participation in a foreclosure does not constitute "debt collection" within the meaning of the FDCPA. See., e.g., Garfinkle v. JPMorgan Chase Bank, 2011 WL 3157157, at *3 (N.D. Cal. July 26, 2011) ("District courts in the Ninth Circuit have generally concluded that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of . . . the FDCPA."). Similarly, it does not appear that private right of action exists for violation of "FDIC Consumer Protection Paragraph 19(b)(2)(viii)."

      In sum, plaintiffs have not followed this Court's prior instruction "to comply with Rules 8(a) and 9(b)." Dkt. 18. If anything, the FAC is less clear than the original complaint.[1] In light of plaintiffs' failure to comply with the Courts' instructions, as well as the apparent non-viability of several of plaintiffs' claims, it appears that granting plaintiffs leave to amend would be futile. Accordingly, the Court GRANTS with prejudice defendants' motion to dismiss the FAC.[2]

/ / /

/ / /

/ / /

---

    [1] Indeed, unlike the original complaint, the FAC does not set forth the address of the property at issue, the foreclosure of which appears to be the basis for this action.

    [2] Because the Court would decline to exercise supplemental jurisdiction over plaintiffs' four state law claims, the Court does not address them here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'  JS-6

| Case No. | 2:14-cv-05537-CAS(ASx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | CARMEN RISIGLIONE ET AL. V. MARTINGALE INVESTMENTS LLC ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS with prejudice defendants' motion to dismiss plaintiffs' first amended complaint.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |